**Anthony F. McGANN et al., Appellants (Petitioners below),**

v.

**The CITY COUNCIL OF the CITY OF LARAMIE, Wyoming, and the City of Laramie, Wyoming, a Municipal Corporation, Appellees (Respondents below).**

No. 4876.

Supreme Court of Wyoming.

July 25, 1978.

Harley J. McKinney, Pickett & McKinney, Rock Springs, for appellants.

Thomas S. Smith, Smith, Stanfield & Scott, Laramie, for appellees.

Before GUTHRIE, C. J., and McCLINTOCK, RAPER, THOMAS and ROSE, JJ.

RAPER, Justice.

Although in this appeal from the action of the district court dismissing for lack of jurisdiction a petition for administrative review, petitioners-appellants raise several issues, our disposition will turn upon resolution of only one: Is the action of the City of Laramie in amending the zoning classification of a certain parcel of land reviewable by the district court within the provisions of the Wyoming Administrative Procedure Act (hereafter A.P.A.)? W.S. § 9–4–101, et seq. (1977). The other questions would only be pertinent if action by a city council in amending a zoning ordinance is reviewable under the A.P.A. We find that such action is not so reviewable and shall therefore affirm the district court.

In September, 1976, as it was empowered to do, W.S. § 15–1–705 (1977),[1] the Laramie City Council passed an ordinance amending from R1/R3 residential to B1R business the zoning classification of a certain parcel of land (12.6 acres) on the north side of Laramie to allow for the construction of a proposed shopping center. In response, petitioners, as owners of homes adjacent to and in the immediate vicinity of the rezoned area, filed with the district court a petition for review of the administrative action alleging that the action of the city council was administrative in nature and therefore subject to review under the A.P.A. By way of motion to dismiss, respondents-appellees (hereinafter city council) asserted that its action was not subject to judicial review under the A.P.A., and the district court agreed, granting appellees' motion. In reviewing the propriety of this dismissal motion, two specific questions must be answered: (1) Was the action of the city council in amending the zoning ordinance legislative or judicial in nature? (2) If legislative, is such action reviewable under the provisions of the Wyoming A.P.A.? We shall deal with each question separately.

Political subdivisions, such as a municipality, have no inherent power to zone or rezone, but rather are delegated such power by the state legislature, which in turn derives its power of zoning from the constitution of the state itself. Rohan, Zoning and Land Use Controls, § 1.05(1) (1978).[2] In

---

1. "§ 15–1–705. Amendment, change or repeal of regulations; protests; vote following protests.

"All regulations, restrictions and boundaries may be amended, supplemented, changed, modified or repealed. However, if there is a protest against the change signed by the owners of twenty percent (20%) or more of the area of the lots included in the proposed change, or of those immediately adjacent within a distance of one hundred forty (140) feet, the amendment does not become effective except upon the affirmative vote of three-fourths of all the members of the governing body. In determining the one hundred forty (140) feet, the width of any intervening street or alley shall not be included. The provisions for public hearings and notice apply to all changes or amendments."

2. There is no prohibition in the Wyoming State Constitution against zoning. The state constitution is not a grant but a limitation on legislative power. The legislature may enact any law not expressly or inferentially prohibited by that

light of such background, an overwhelming majority of courts regard a zoning law or ordinance, or an amendment thereto, as a legislative act representing a legislative determination and judgment. As appropriately said in City of *Greeley v. Ells*, Colo. 1974, 186 Colo. 352, 527 P.2d 538, 542:

> "Zoning is a legislative act representing a legislative judgment as to how the land within the City should be utilized and where the lines of demarcation between the several use zones should be drawn."

When a city council takes action on a rezoning application, it exercises a legislative power. *Czech v. City of Blaine*, Minn.1977, 253 N.W.2d 272.[3]

Although that majority position has been questioned, particularly as it applies to rezoning or zoning amendments, the contra viewpoint is as yet a minority[4] and it is our holding that the majority position of zoning ordinances and amendments thereto being legislative in nature is more authoritative and should continue to prevail. We therefore conclude that the action of the Laramie City Council in amending its zoning ordinance was a legislative, as opposed to a judicial, act.

With the determination in hand that the action of the city council was of a legislative nature, we next turn to resolution of whether or not such legislative action is judicially reviewable under the A.P.A. Our conclusion must be that it is not. As was specifically held by this court in *Scarlett v. Town Council, Town of Jackson, Teton County*, Wyo.1969, 463 P.2d 26, and reaffirmed in *Lund v. Schrader*, Wyo.1971, 492 P.2d 202, the provisions of the A.P.A. do not apply to legislative actions or hearings. Although the specific question addressed in both Scarlett and Lund concerned what procedures were required during the hearings involved, our conclusions there are sufficiently broad to cover the situation here. Additionally, as reinforcement for such a conclusion, we would point out that the Wyoming legislature in 1977 amended the definition of "agency" as used in the A.P.A., see 1 Ch. 107, Sess.Laws Wyo.1977, to exclude from review under the act the actions of a city or town when acting in a

constitution. *Witzenburger v. State ex rel. Wyoming Community Development Authority*, Wyo.1978, 575 P.2d 1100 and cases therein cited.

3. See as well, *Board of Com'rs. of McCandless Township v. Beho Development Co., Inc.*, Pa. Cmwlth., 1975, 16 Pa.Cmwlth. 448, 332 A.2d 848, appl. for Allocatur denied; *Board of Com'rs. of City of Las Vegas v. Dayton Development Co.*, Nev.1975, 530 P.2d 1187; *Narrowsview Preservation Assoc. v. City of Tacoma*, 1974, 84 Wash.2d 416, 526 P.2d 897; *City of Phoenix v. Beall*, 1974, 22 Ariz.App. 141, 524 P.2d 1314; *Prince George's County v. McBride*, 1973, 268 Md. 522, 302 A.2d 620; *Orinda Homeowners Committee v. Board of Supervisors, County of Contra Costa*, 1970, 11 Cal. App.3d 768, 90 Cal.Rptr. 88, 43 A.L.R.3d 880, hearing denied (rezoning ordinance); *Bradley v. Zoning Board of Appeals of the Town of Westport*, 1973, 165 Conn. 389, 334 A.2d 914.

4. The basic reasoning behind the minority position has been stated thusly:

> "The fundamental inquiry into whether a zoning amendment is the product of legislative action or judicial/quasi-judicial action will incorporate the test formulated earlier. Basically, this test involves the determination of whether action produces a general rule or policy which is applicable to an open class of individuals, interests, or situations, or whether it entails the application of a general rule or policy to specific individuals, interests, or situations. If the former determination is satisfied, there is legislative action; if the latter determination is satisfied, the action is judicial.
>
> "While performance standards establishing maximum noise levels or a set back requirement might be statements of land use policy or general rules and hence legislative, it is difficult to visualize a typical zoning amendment of a few acres falling into this category. It would, instead, appear that zoning amendments entail the imposition of burdens or the conference of privileges with respect to specific tracts of land and thus approximate the judicial model. * * *" (Footnotes omitted.) Comment, 33 Ohio State Law Journal 130, 137 (1972). See also, *Fasano v. Board of County Com'rs. of Washington County*, Ore. 1973 [264 Or. 574], 507 P.2d 23; *Snyder v. City of Lakewood*, Colo.1975, 542 P.2d 371; *Capitol Hill Restoration Society v. Zoning Commission*, D.C.1977, 380 A.2d 174 (but note that in the District of Columbia the zoning commission is specifically denoted by statute as being within the review provisions of the District of Columbia A.P.A.).

legislative capacity, § 9–4–101(a)(i), W.S. 1977:

> " 'Agency' means any authority, bureau, board, commission, department, division, officer or employee of the state, a county, city or town or other political subdivision of the state, *except the governing body of a city or town when acting in a legislative capacity,* or when hearing appeals from hearings held in accordance with the Wyoming Administrative Procedure Act [§§ 9–4–101 to 9–4–115], the state legislature and the judiciary; * * *" (The italicized words were added as the amendment.)

In the absence of statutory authority to do so, no appeal from administrative action is permitted, the requirement being jurisdic-

tional. *Pritchard v. State, Division of Vocational Rehabilitation, Department of Health and Social Services,* Wyo.1975, 540 P.2d 523.

From this basis then it should be clear that when zoning or rezoning an area within its boundaries, a zoning authority, such as the city council, is acting within its legislative capacity, and its decisions thereon are not reviewable under the A.P.A.[5]

Affirmed.

---

**5.** We do not in this case hold that zoning ordinances and amendments thereto may not in proper cases be challenged by some type of original or direct court proceeding. We only hold that appeal under the A.P.A. is not available for that purpose. We further do not hold that such action would or would not lie in some other kind of action in the light of the background of legislative action taken by the city counsel here.