**HOLDING'S LITTLE AMERICA, a Wyoming corporation, Appellant (Petitioner),**

v.

**BOARD OF COUNTY COMMISSIONERS OF LARAMIE COUNTY, Appellee (Respondent).**

No. 83–67.

Supreme Court of Wyoming.

Oct. 21, 1983.

Alan B. Minier and James L. Applegate of Hirst & Applegate, Cheyenne, for appellant; oral argument by Alan B. Minier.

Bert T. Ahlstrom, Jr., Cheyenne, for appellee.

Before ROONEY, C.J., and THOMAS, ROSE, BROWN and CARDINE, JJ.

CARDINE, Justice.

This is an appeal from a decision by the Laramie County District Court dismissing appellant's petition seeking review of action taken by the Board of County Commissioners of Laramie County authorizing industrial development revenue bonds (hereafter referred to as IDR bonds) under the Wyoming Industrial Development Projects Act. We will reverse and remand.

The issues upon appeal, as stated by appellant, are:

1. "The action of county commissioners under the Wyoming Industrial Projects Act is subject to judicial review under Rule 12 of the Wyoming Rules of Appellate Procedure and under the Wyoming Administrative Procedure Act."

2. "The determinations and findings of the Board of the County Commissioners of Laramie County under Wyoming Statutes 1977, § 15–1–705 are not supported by the record and must be set aside under Wyoming Statutes 1977 § 9–4–114(c)(ii)."

Appellee states the issues in a slightly different form:

1. "The action of county commissioners under the Wyoming Industrial Projects Act is a legislative action and is, therefore, not reviewable under the Wyoming Administrative Procedure Act or otherwise."

2. "The determinations and findings of the Board of County Commissioners of Laramie County are valid and supported by the record of proceedings."

Appellee also raises the question of standing, although he does not present a cogent argument nor does he cite any authority in support of this position.

FACTS

The Board of County Commissioners of Laramie County Wyoming, authorized IDR bonds under the Wyoming Industrial Development Projects Act. The proceeds from these bonds were to be used by Roadside, Inc. to construct a hotel and restaurant complex near Cheyenne, Wyoming. The facts relevant to this controversy are essentially not in dispute. An inducement resolution with an attached memorandum of agreement for the project was considered and approved by the county commissioners on October 6, 1981. Subsequently, on May 11, 1982, there was a discussion among the commissioners relative to amending the inducement resolution. On September 28, 1982, the county commissioners extended the time limit for issuance of the bonds from one year after the date of the inducement resolution to two years thereafter and also extended the memorandum of agreement between the county and Roadside, Inc. On October 19, 1982, the IDR bonds were finally approved and issuance of the bonds was authorized.

At this final meeting, the appellant, through counsel, requested a hearing to present evidence with regard to the proposed bonds. The request was denied. Appellant filed a timely petition seeking review of the bond resolution. The board of county commissioners filed a motion to dismiss the petition. By decision letter, the district court ruled in favor of the county commissioners granting the motion to dismiss. The court specifically found that: " * * * The Industrial Development Revenue Bond Act, being a legislative enactment, does not bring the proceedings under the requirements of the Administrative Procedure Act. * * * "

I

*Are the actions of the county commissioners under the Wyoming Industrial Development Projects Act reviewable under the Wyoming Administrative Procedure Act?*

■ The board of county commissioners is an agency as defined by the Wyoming Administrative Procedure Act, § 16–3–

101(b)(i), W.S.1977;[1] and, therefore, its actions come under the purview of the Administrative Procedure Act, unless the action taken fits within a statutory exception. See also, *Monahan v. Board of Trustees of Elementary School Dist. No. 9, Cty. of Fremont,* Wyo., 486 P.2d 235 (1971); *Board of Cty. Comm'rs of Teton Cty. v. Teton Cty. Youth Services, Inc.,* Wyo., 652 P.2d 400 (1982).

## LEGISLATIVE EXCEPTION

We have specifically held that the provisions of the Administrative Procedure Act do not apply to legislative actions or hearings. Therefore, if the actions taken regarding the IDR bonds were considered to be legislative in nature, judicial review under the Administrative Procedure Act would not be available. *McGann v. City Council of City of Laramie,* Wyo., 581 P.2d 1104 (1978); *Lund v. Schrader,* Wyo., 492 P.2d 202 (1971); *Scarlett v. Town Council, Town of Jackson, Teton County,* Wyo., 463 P.2d 26 (1969).

Whether action is legislative is usually determined by comparison with adjudicatory proceedings. 1 Am.Jur.2d Administrative Law § 93 states that:

"Legislative power is the power to make, alter, or repeal laws or rules for the future. To make a rule of conduct applicable to an individual who but for such action would be free from it is to legislate.

"Legislative power is distinguished from judicial power, or legislation from adjudication, in that basically or usually it operates in the future, rather than on past transactions and circumstances, and generally, rather than particularly. * * * " (Footnotes omitted.)

Legislative action produces a general rule or policy which applies to a general class of individuals, interests, or situations. Judicial or adjudicatory functions apply generally to identifiable persons and specific situations. 1 Am.Jur.2d Administrative Law § 164. We have held that annexation proceedings, *Scarlett v. Town Council, Town of Jackson, Teton County,* supra, zoning classifications, *McGann v. City Council of City of Laramie,* supra, and school unification proceedings, *Lund v. Schrader,* supra, are legislative in nature and, therefore, not reviewable under the Administrative Procedure Act. In *Scarlett v. Town Council, Town of Jackson, Teton County,* supra, we stated that the annexation proceedings did not require compliance with rules applicable to contested cases. However, we did review the record to see if there was substantial compliance with the requirements of the statutes providing for annexation.

■ We find that the issuance of IDR bonds is not a "legislative" function under our previous decisions referred to in the preceding paragraph. The bond determination is not a policy decision. It applies to named persons and a specific situation, rather than relating to a class of persons and general situations.

## JUDICIAL REVIEW

■ The right of judicial review of an administrative decision is statutory. Actions of an administrative agent are not reviewable unless made so by statute. Legislative intent to restrict judicial review of an administrative action must be clear and persuasive reason must exist to believe that restriction was the legislative purpose. *United States Steel Corp. v. Wyoming Environmental Quality Council,* Wyo., 575 P.2d 749 (1978). See also, *Walker v. Board of Cty. Comm'rs, Albany Cty.,* Wyo., 644 P.2d 772 (1982). We stated in *Keslar v. Police Civil Service Comm'n, City of Rock Springs,* Wyo., 665 P.2d 937 (1983) that:

"So far as policy considerations are concerned, it is our view that the interests of the State of Wyoming are best served by a policy which leads to reviewability in most instances. * * * " Id. at 942.

1. Section 16–3–101(b)(i), W.S.1977, provides: "(i) 'Agency' means any authority, bureau, board, commission, department, division, officer or employee of the state, a county, city or town or other political subdivision of the state, except the governing body of a city or town, the state legislature and the judiciary."

And, to preclude judicial review, the statute, if not specific in withholding that review, must give clear and convincing evidence of an intent to restrict. The mere failure to provide specially by statute for judicial review is certainly no evidence of intent to withhold. Section 16–3–114(a) of the Administrative Procedure Act states that:

"(a) Subject to the requirement that administrative remedies be exhausted and in the absence of any statutory or common-law provision precluding or limiting judicial review, any person aggrieved or adversely affected in fact by a final decision of an agency in a contested case, or by other agency action or inaction, or any person affected in fact by a rule adopted by an agency, is entitled to judicial review * * *."

■ Since the county is an agency under the Administrative Procedure Act and these particular actions are not within the exceptions of legislative functions nor statutory restriction of judicial review, we find that these issues are reviewable by this court.

■ Proceedings under the Wyoming Industrial Development Projects Act do not require a trial-type hearing as may be involved in a "contested case," nor are they governed by the proceedings applicable to rule making. But such proceedings are reviewable, at least with respect to minimum compliance with requirements of statutes providing for the issuance of these bonds, within the Administrative Procedure Act's definition of "other agency action."

Although not stated as an issue, appellee suggests that appellant has failed to show that it was a person aggrieved and adversely affected in fact.

In *Washakie County School District No. 1 v. Herschler,* Wyo., 606 P.2d 310, 317 (1980), we said:

"Standing is a concept used to determine whether a party is sufficiently affected to insure that a justiciable controversy is presented to the court. [Citation.] It is a necessary and useful tool to be used by courts in ferreting out those cases which

ask the courts to render advisory opinions or decide an artificial or academic controversy without there being a palpable injury to be remedied. However, it is not a rigid or dogmatic rule but one that must be applied with some view to realities as well as practicalities. Standing should not be construed narrowly or restrictively. * * *"

We believe appellant has standing; but, since neither cogent argument nor authority was presented, we need not decide that question at this time. *Reno Livestock Corp. v. Sun Oil Co.* (Delaware), Wyo., 638 P.2d 147 (1981); *Barnette v. Doyle,* Wyo., 622 P.2d 1349 (1981); *Scherling v. Kilgore,* Wyo., 599 P.2d 1352 (1979).

## II

*Were the determinations and findings of the Board of County Commissioners supported by the record?*

Section 16–3–114(c) states that the reviewing court *shall:*

"(i) Compel agency action unlawfully withheld or unreasonably delayed; and

"(ii) Hold unlawful and set aside agency action, findings and conclusions found to be:

"(A) Arbitrary, capricious, an abuse of discretion or otherwise not in accordance with law;

"(B) Contrary to constitutional right, power, privilege or immunity;

"(C) In excess of statutory jurisdiction, authority or limitations or lacking statutory right;

"(D) Without observance of procedure required by law; or

"(E) Unsupported by substantial evidence in a case reviewed on the record of an agency hearing provided by statute."

■ In determining whether the action of an agency is arbitrary, capricious, or an abuse of discretion, the court ascertains whether the decision is supported by the evidence contained in the record. We held in *Monahan v. Board of Trustees of Ele-*

*mentary School Dist. No. 9, Cty. of Fremont,* supra, 486 P.2d at 237:

> "The rule is well established in our state that action of a board will be considered arbitrary when taken without the board having before it sufficient information upon which to make a proper decision. * * *"

It is an abuse of discretion for an administrative agency to act without collecting the necessary facts. *First National Bank of Thermopolis v. Bonham,* Wyo., 559 P.2d 42 (1977).

Although *Tri-State Generation and Transmission Assoc., Inc. v. Environmental Quality Council,* Wyo., 590 P.2d 1324 (1979), concerned the rule-making process, the reasoning in that case is persuasive when applied to this case. Thus, if the principal reasons for the action are not set forth, the courts have no way of determining whether the agency considered the relevant factors.

One of the objectives of the Administrative Procedure Act is to require "agency action upon facts which are disclosed by the evidence and record. *Glenn v. Board of Cty. Comm'rs, Sheridan County,* Wyo., 440 P.2d 1 (1968). Judicial function is exhausted when the court can find from the evidence a rational view for the conclusions of the agency. *Matter of Rule Radiophone Service, Inc.,* Wyo., 621 P.2d 241 (1980). See also, *Mountain Fuel Supply Co. v. Public Service Comm'n of Wyoming,* Wyo., 662 P.2d 878 (1983); *Pan American Pet. Corp. v. Wyoming Oil and Gas Conservation Comm'n,* Wyo., 446 P.2d 550 (1968).

Municipalities and counties are authorized to issue IDR bonds under §§ 15–1–701 through 15–1–710, W.S.1977. In order to issue the bonds, the factors required in § 15–1–705, W.S.1977, Cum.Supp.1983, must be determined. Section 15–1–705 requires that:

"(a) Before leasing any project the governing body shall determine the:

"(i) Project furthers the public purpose of providing health care facilities in the state or meets the following public purposes:

"(A) Creating new or additional employment opportunities;

"(B) Expanding the tax base and increasing sales, property or other tax revenues to the municipality or county;

"(C) Maintaining and promoting a stable, balanced and diversified economy among agriculture, natural resource development, business, commerce and trade;

"(D) Promoting or developing use of agricultural, manufactured, commercial or natural resource products within or without the state."

A statute may specifically require that the agency consider particular factors. A failure to consider these statutorily required factors will void the determination. Generally, the weight to be given to the particular factors rests within the discretion of the board. There is a wider scope of discretion in determinations which do not require a hearing. 2 Am.Jur.2d Administrative Law § 442.

In this case, the minutes of the county commissioners show that on October 6, 1981, an inducement resolution[2] was introduced, read and adopted. This resolution was subsequently before the county commissioners on May 11, 1982 and again on September 28, 1982. The IDR bonds in question were given final approval by the county commissioners on October 19, 1982.

There is no evidence in the record that any of the statutory factors were considered before the original inducement resolution. The only evidence in the entire

---

2. The resolution was captioned:
"A resolution providing for the issuance of County of Laramie, Wyoming, industrial development first mortgage revenue bonds—Roadside Incorporated Project, to induce Roadside Incorporated, a Wyoming corporation, to construct a hotel and restaurant complex on land owned by it within the County of Laramie, State of Wyoming, the proceeds of said bonds to be used for the purpose of site improvements and constructing and equipping said hotel and restaurant complex within said county: and authorizing the preparation of documents and instruments related thereto."

record which pertains to these factors is a letter from Redco Enterprises, Inc. which states that the project is for the direct benefit of the citizens of Laramie County, that the facility meets all of the requirements of the resolution defining the policy of Laramie County concerning industrial development revenue bonds, that jobs will be created, and that the tax base will create increased sales tax, property tax and other revenues to Laramie County and its citizens. The letter does not state any factual basis for these conclusions.

 The final resolution which was adopted states that the project complies with the public purposes and provisions set forth in the Wyoming Industrial Development Projects Act, §§ 15–1–701 to 15–1–710, W.S.1977.[3] The determinations made in the final resolution merely recite the factors to be considered in the statute. 2 Am.Jur.2d Administrative Law § 456 states:

"The courts are not in agreement with respect to the question whether and to what extent a proper finding of fact must embrace facts more specific and detailed than ultimate facts, although it seems manifest that the requirement of express findings of fact is of but little value if it does not entail more or less detailed findings of the factual basis conditioning an administrative determination and necessitates only the recital of the administrative authority's opinion in the terms of the statute. * * *"

The evidence contained in the record is insufficient to permit adequate review of the action of the county commissioners in order to determine whether or not they acted arbitrarily, capriciously, or abused their discretion.

Section 15–1–705, W.S.1977, Cum.Supp. 1983, states that:

"(b) No bonds shall be issued pursuant to the provisions of this article to acquire, construct or improve a project unless the governing body makes the determinations and findings required by W.S. 15–1–705(a)(i). * * *"

The county commissioners are in clear violation of this legislative mandate. We reiterate that this proceeding does not require that there be a contested proceeding. It does not require a hearing, nor does it require notice. However, even minimal compliance with this statute requires that there be some evidence that the board considered the statutory factors.

The first mention of these bonds is the inducement resolution contained in the minutes of October 6, 1981. The commissioners must have considered some proposal prior to adopting this resolution. Perhaps there were meetings, presentations, discussions with the applicants; but they do not appear in the record. There must have been some factual basis underlying adoption of the resolution. We do not delineate any particular method which the commissioners must follow in determining whether these bonds should be issued; however, they must do more than recite, in conclusory fashion, the requirements of the statute.

We are not deciding that the county commissioners acted arbitrarily, capriciously, or that they abused their discretion, nor can we determine that they acted in accordance with their statutory power. In finding that the commissioners' decision cannot be sustained, we are not imposing any formal requirements nor are we suggesting that the commission exercise administrative dis-

3. "(2) WHEREAS, the Issuer, by the adoption of the Inducement Resolution, has found that the project complies with the public purposes and provisions set forth in Wyoming Industrial Development Projects Act, Sections 15–1–701 to 15–1–710, Wyoming Statutes Annotated 1977 (Republished Edition), as amended (herein the 'Act') by creating new and additional employment opportunities, by expanding the County's tax base and increasing the ad valorem, sales and other tax revenues

within and for the County, by maintaining and promoting a stable, balanced and diversified economy among agriculture, natural resource development, business, commerce and trade within the County, and by promoting and developing the use of agricultural, manufactured, natural resource and commercial products within the County and State, thereby contributing to the prosperity, economic stability and general welfare of the County and the inhabitants thereof; * * *."

cretion in any particular manner. We merely hold that an administrative action cannot be upheld unless the grounds upon which the agency acted are revealed in the record. " * * * [T]he orderly functioning of the process of review requires that the grounds upon which the administrative agency acted be clearly disclosed and adequately sustained." *Securities and Exchange Com'n v. Chenery Corp.,* 318 U.S. 80, 63 S.Ct. 454, 462, 87 L.Ed. 626 (1943). It is impossible for us to provide adequate review under these circumstances. There-

fore, we remand to the district court with directions to remand to the county commissioners for such further proceedings, not inconsistent with this opinion, as may be appropriate.