SHERIDAN PLANNING ASSOCIATION, Appellants (Petitioners),

v.

BOARD OF SHERIDAN COUNTY COMMISSIONERS; and Powder Horn Subdivision, Appellees (Respondents).

No. 95–235.

Supreme Court of Wyoming.

Oct. 8, 1996.

Debra J. Wendtland of Connor & Wendtland, Sheridan, for Appellants.

Matthew F. Redle, County Attorney; and Carol A. Doughty, Deputy County Attorney, Sheridan, for Appellee Board of Sheridan County Commissioners.

Robert James Wyatt, Sheridan, for Appellee Powder Horn Subdivision.

Before TAYLOR, C.J., and THOMAS, MACY, GOLDEN,* and LEHMAN, JJ.

TAYLOR, Chief Justice.

We are asked to review a Board of County Commissioners' decision approving a planned unit development zoning variance. Concluding that the Board of County Commissioners did not unlawfully delegate its authority to regulate land use, that there was substantial compliance with the local ordinance controlling the approval process, and that the Board of County Commissioners' other actions are non-reviewable legislative acts, we affirm.

* Chief Justice at time of oral argument.

## I. ISSUES

Appellants, Sheridan Planning Association, state the issues as follows:

1. Does the Sheridan County Planned Unit Development Resolution comply with state statute?

2. Did the Sheridan County Commissioners follow the Sheridan County Planned Unit Development Resolution?

Appellee, Powder Horn Subdivision, states the following issues:

1. Whether this matter is properly before this court and actually justiciable?

\* \* \* \* \* \*

2. Whether the decision of the Sheridan County Board of County Commissioners approving the final planned unit development plan for the Powder Horn should be affirmed by this court?

The Board of Sheridan County Commissioners, as appellee, states these issues:

1. Was the Board of County Commissioners' decision to approve the Powder Horn Planned Unit Development lawful and supported by substantial evidence?

2. Is the Sheridan County Planned Unit Development Resolution, as applied, legally valid?

3. Is the approval of a planned unit development by the Board of County Commissioners a contested case?

## II. FACTS

In June of 1994, the developer of the Powder Horn Subdivision requested a zoning variance to accommodate a new subdivision. Ultimately, following required public hearings, the Board of Sheridan County Commissioners (Commissioners) approved a Schematic Plan for the Powder Horn Subdivision as a planned unit development (PUD) pursuant to the Sheridan County Planned Unit Development Resolution. Following more public hearings, the Sheridan County Planning and Zoning Commission (Planning and Zoning Commission) unanimously recommended ap-

proval of a Final Master Plan for the PUD of the Powder Horn Subdivision. On May 15, 1995, additional public hearings were scheduled by the Commission and notice of these hearings was mailed to all persons who owned property adjacent to the PUD. Following those hearings, the Final Master Plan was approved, although the Commissioners did attach a number of conditions to the Final Master Plan. A group of area residents identified as the Sheridan Planning Association (SPA) challenged the validity of the Commissioners' decision. The case was certified to this court pursuant to W.R.A.P. 12.09(b).

## III. DISCUSSION

■ When a case is certified to this court, we examine the decision as if we were the reviewing court of first instance. *Montana Dakota Utilities Co. v. Public Service Com'n of Wyoming,* 847 P.2d 978, 983 (Wyo.1993). Decisions will, of course, be affirmed on any legal ground appearing in the record. *Deisch v. Jay,* 790 P.2d 1273, 1278 (Wyo. 1990).

■ In their first argument, the SPA contend that the Sheridan County Planned Unit Development Resolution is invalid because it unlawfully allows the Commissioners to delegate their authority to regulate land use to the Planning and Zoning Commission. In support of this proposition, the SPA point to Part II, Section IV(F)(1) of the Sheridan County Planned Unit Development Resolution which states, "[w]ithin [t]hirty (30) days after final submission the Planning Commission shall either approve or disapprove the Final PUD Plan." Based on this language, the SPA argue that the Sheridan County Planned Unit Development Resolution is invalid because it grants final authority to the Planning and Zoning Commission rather than the Commissioners. We disagree with this analysis.

The SPA discount the executive control of the approval process retained by the Commissioners. *See* Sheridan County Planned Unit Development Resolution, Part I, The Planned Unit Development Approval Process, Steps 2 and 3 and Part II, Section III(C). Only after the Commissioners have

held a public hearing on the proposed plan and approved the schematic plan for the PUD does the provision cited by the SPA come into play. Further, the Planning and Zoning Commission can approve the final PUD plan only if it is in substantial compliance with the schematic PUD plan previously approved by the Commissioners. We hold that the Sheridan County Planned Unit Development Resolution ensures that the Planning and Zoning Commission acts in a manner consistent with the will of the Commissioners and that the Commissioners' authority to regulate land use has not been unlawfully delegated under the Sheridan County Planned Unit Development Resolution. *Peachtree Development Co. v. Paul,* 67 Ohio St.2d 345, 423 N.E.2d 1087, 1093 (1981).

■ The SPA also argue that they are entitled to a trial-type hearing. Of course, nonlegislative decisions by county commissioners are reviewable under the Wyoming Administrative Procedure Act. *Holding's Little America v. Board of County Com'rs of Laramie County,* 670 P.2d 699, 703 (Wyo. 1983). However, amendments to zoning laws are legislative acts and, as such, are not reviewable. *McGann v. City Council of City of Laramie,* 581 P.2d 1104, 1106 (Wyo.1978). The approval of a PUD plat is tantamount to amending zoning regulations and is, therefore, a legislative act. *Jurkiewicz v. Butler Cty. Bd. of Elections,* 85 Ohio App.3d 503, 620 N.E.2d 146, 147 (1993). We hold that the approval of a PUD plan by the Commissioners is a legislative act that is not reviewable under the Wyoming Administrative Procedure Act. *McGann,* 581 P.2d at 1107. Further, we hold that a trial-type hearing is not required during this legislative process. *Foster's Inc. v. City of Laramie,* 718 P.2d 868, 873 (Wyo.1986).

Finally, the SPA argue that the Commissioners failed to comply with the Sheridan County Planned Unit Development Resolution. We disagree, as the record contains substantial evidence of compliance. Having concluded that the Commissioners substantially complied with the Sheridan County Planned Unit Development Resolution and

having held that their actions were non-reviewable legislative acts, we need not consider the remaining arguments presented by the SPA.

## IV. CONCLUSION

The decision of the Board of Sheridan County Commissioners is affirmed.