June I. VAN GUNDY; Juan Rascon; and Robert Scott Smith, Appellants (Petitioners),

v.

WYOMING WORKERS' SAFETY AND COMPENSATION DIVISION, DEPARTMENT OF EMPLOYMENT, STATE OF WYOMING, Appellee (Respondent),

June I. VAN GUNDY; Robert Scott Smith; and Juan Rascon, Appellants (Petitioners),

v.

INTERNAL HEARING UNIT, DIVISION OF WORKERS' SAFETY AND COMPENSATION, DEPARTMENT OF EMPLOYMENT, STATE OF WYOMING, Appellee (Respondent).

No. 97–298

Supreme Court of Wyoming.

Oct. 1, 1998.

Donald L. Painter, Casper, for Appellants (Petitioners).

William U. Hill, Attorney General; John W. Renneisen, Deputy Attorney General; Gerald W. Laska, Senior Assistant Attorney General; and Bernard P. Haggerty, Assistant Attorney General, Cheyenne, for Appellee (Respondent).

\* Chief Justice at time of expedited conference.

1. The Division also addresses an "observation" made by appellants that their requests for attorneys fees were denied because the IHU is without authority to appoint counsel to claimants appearing before it. Appellants do not raise the

Before LEHMAN, C.J., and THOMAS, MACY, GOLDEN, and TAYLOR,* JJ.

TAYLOR, Justice.

We consider in this appeal three cases consolidated before the district court for review of rulings by the Internal Hearing Unit (IHU) of the Division of Workers' Safety and Compensation (Division). The district court certified the consolidated cases to this court pursuant to W.R.A.P. 12.09(b). Having previously found that the Division did not exceed its authority in adopting the IHU procedure, we affirm the IHU's rulings.

## I. ISSUE

Appellants state one issue for our review:

1. The legal existence of the Internal Hearing Unit (IHU).

As appellee, the Division states the issues as:[1]

A. The Division made a rule authorizing a hearing within the Division to determine the timeliness of an employee's objection.

Did the Division have authority to adopt the internal hearing procedure?

B. The Division denied attorney fees for services rendered in the internal hearing proceeding, and the Employees concede they were not entitled to fees.

Was the denial of fees in accordance with law?

## II. FACTS

The facts necessary to our review are common to all three appellants. Appellants made claims for worker's compensation benefits, and final determination letters denying the requested benefits were issued by the Division. The final determination letters included a deadline for response to the determination; all three Appellants responded after the deadline.

The Division issued final determination letters stating the responses were too late, and

fee dispute as an issue, conceding that it would be better left for a future case. We will await that future case, which we hope will provide appropriate appellate briefing, before ruling on the IHU's authority to appoint counsel.

providing new deadlines for contesting this determination. Timely responses were made by appellants, and hearings were requested on the matter of timely filing of the original responses. The Division issued each appellant a Notice of Commencement of Contested Case and Assignment Order informing each appellant his or her case had been referred to the IHU, and that the IHU was assigning the case to the Office of Administrative Hearings (OAH) for fact finding.

Appellants filed motions to dismiss, arguing that the IHU was not a validly created agency and that only a "hearing examiner" from the OAH had authority to conduct the contested case hearing each appellant had requested. The OAH recommended granting the motions, and the IHU followed that recommendation. Appellants sought review in the district court, which combined the three cases and certified them to this court pursuant to W.R.A.P. 12.09(b).

## III. STANDARD OF REVIEW

██ When a case is certified to this court pursuant to W.R.A.P. 12.09(b), we examine the decision as if we were the reviewing court of first instance and will affirm the decision on any legal ground appearing in the record. *Sheridan Planning Ass'n v. Board of Sheridan County Com'rs,* 924 P.2d 988, 990 (Wyo.1996).

## IV. DISCUSSION

██ Appellants' only complaint on appeal is that the Division did not have the authority to create the IHU, and therefore any determinations made by the IHU are void. Appellants ask us to refer their respective claims to the OAH for appointment of counsel and hearings on their late filings.

We recently addressed this same issue in *Sheneman v. Division of Workers' Safety and Compensation Internal Hearing Unit,* 956 P.2d 344, 350 (Wyo.1998):

Based on our examination of the Wyoming Worker's Compensation Act and the Wyoming Administrative Procedure Act as a whole, looking at the component parts as well as the purposes of the acts and underlying policy considerations, we hold that

the Division had ample authority to form the Internal Hearing Unit. Additionally, we hold the Division was authorized to promulgate rules and regulations relating to the resolution of contested matters that are not required to be heard by the Medical Commission or the Office of Administrative Hearings, including agency review of claimed late filings.

*See also Poll v. State ex rel. Wyoming Workers' Compensation Div.,* 963 P.2d 977, 980 (Wyo.1998). Further discussion of the IHU's legal existence is unnecessary.

## V. CONCLUSION

The orders granting appellants' motions to dismiss are hereby affirmed.