Donald E. BENDER, Appellant (Petitioner),

v.

The UINTA COUNTY ASSESSOR; the Uinta County Board of Equalization; and Wyoming State Board of Equalization, Appellees (Respondents).

No. 00–73.

Supreme Court of Wyoming.

Dec. 7, 2000.

Representing Appellant: Donald E. Bender, pro se.

Representing Appellee Uinta County Assessor: V. Anthony Vehar of Vehar Law Offices, P.C., Evanston, WY.

Representing Appellees Uinta County Board of Equalization and Wyoming State Board of Equalization: No appearance.

Before LEHMAN, C.J., and THOMAS, GOLDEN, HILL and KITE, JJ.

KITE, Justice.

Appellant Donald E. Bender appealed to the State Board of Equalization (SBOE) from the Uinta County Board of Equalization's (CBOE) decision that Appellee Uinta County Assessor's refund calculations for the 1995 and 1996 residential property taxes were correct. The assessor's calculations were based on an earlier SBOE decision which affirmed the property's 1995 and 1996 construction classifications of 3.0 and fair market values of $128,000. The SBOE dismissed this second appeal concluding Mr.

Bender was collaterally estopped from challenging the refund calculation because it constituted a relitigation of the valuation issue which had been fully and finally adjudicated. We affirm and award the assessor costs pursuant to W.R.A.P. 10.05.

## ISSUES

Mr. Bender frames the issues as follows:

1.  Did the Uinta County Assessor use the WYS CAMA system that was provided to her by the Wyoming State Department of Revenue pursuant to W.S. 39–13–103(b)(ii) to determine the "Total Value Used to Calculate Tax" for 1995 and 1996?

2.  Did the Uinta County Assessor calculate the "Total Value Used to Calculate Tax" for 1995 and 1996 in accordance with Chapter 9 Ad Valorem Valuation Methodology and Assessment (Local Assessments) rules and regulations of the Wyoming State Department of Revenue pursuant to W.S. 39–13–103(b)(ii)?

3.  Whether there is statutory or other legal authority superior to W.S. 39–13–103(b)(ii) to support the July 26, 1999 dismissal decision of the Uinta County Board of Equalization without a hearing, or briefing of the facts and the law?

4.  Whether there is statutory or other legal authority superior to W.S. 39–13–103(b)(ii) to support the February 12, 1999 "affirmed" Order, and the November 30, 1999 "dismissed with prejudice" Order of the Wyoming State Board of Equalization without a hearing, or briefing of the facts and the law, when it is acting in [its] "adjudicatory capacity?"

The assessor presents the issues in the following manner:

A.  Was the decision of the State Board of Equalization finding Appellant collaterally estopped from pursuing his petition for review and dismissing Appellant's peti-

tion for review according to procedures required by law, supported by substantial evidence and neither arbitrary, capricious nor inconsistent with law?

B. Is there a lack of reasonable cause for Appellant's appeal such that he should be sanctioned pursuant to W.R.A.P. Rule 10.05?

## FACTS

In 1995 and 1996, the assessor valued Mr. Bender's residential property located in Uinta County.[1] Mr. Bender appealed from both valuations to the CBOE. On August 5, 1996, the CBOE issued two separate decisions for the 1995 and 1996 valuations pursuant to which it determined the 3.5 construction classifications[2] applied by the assessor were incorrect and the proper classifications were 3.0. The assessor appealed from both decisions to the SBOE. The SBOE consolidated the appeals and remanded the matters back to the CBOE, instructing it to supplement its factual bases for the decisions. The CBOE complied, submitting its Supplemental Find-

ings of Fact. Throughout the course of these first SBOE proceedings, Mr. Bender contended the CBOE decisions should be affirmed. On February 12, 1999, the SBOE issued its Findings of Fact, Conclusions of Law, Decision and Order (SBOE Value Decision) affirming the CBOE's decisions for 1995 and 1996 as supplemented. Specifically, the SBOE affirmed the CBOE's determination that the evidence justified a construction class of 3.0 and a fair market value of $128,000 for tax years 1995 and 1996.[3] No appeal was taken from the SBOE Value Decision.

Six months later, on August 24, 1999, Mr. Bender filed a second "protective" appeal with the SBOE from a CBOE letter dated July 26, 1999. The letter advised Mr. Bender that the assessor's computation of the residential property tax refunds, totaling $94.35 for 1995 and 1996, was computed based on the $128,000 property value affirmed by the unchallenged SBOE Value Decision.[4] On November 3, 1999, the SBOE issued a notice of intent to dismiss this sec-

---

1. In 1995, Mr. Bender appealed from the 1995 valuation to the CBOE. The CBOE issued an order affirming the assessor's valuation. Mr. Bender appealed to the SBOE. The parties (the assessor and Mr. Bender) then requested that the 1995 valuation be remanded to the CBOE for rehearing. The SBOE remanded the case. In the meantime, the 1996 valuation was issued, and Mr. Bender appealed to the CBOE. The CBOE held a rehearing on the 1995 valuation and an initial hearing on the 1996 valuation.

2. Construction classification is one factor input into the Assisted Mass Appraisal System maintained by the Department of Revenue and used by assessors to annually develop residential property fair market values. It reflects the quality of construction as it impacts the physical attributes and relevant physical data of the property. *See* Department of Revenue Rules, *Ad Valorem Valuation Methodology and Assessment (Local Assessments)*, ch. 9, § 6(a) & (b)(ii).

3. The specific language of the CBOE's Supplemental Findings of Fact affirmed by the SBOE Value Decision was as follows: "The preponderance of evidence as presented in [this] case justifies a construction class type 3.0 and a fair market value of $128,000.00."

4. The July 26, 1999, CBOE letter stated in its entirety:

> We have reviewed your July 21 letter. We are of the opinion that you are due ninety-four dollars and thirty-five cents ($94.35). The only difference in your calculations and the Assessor's calculations is the value placed on the land in question. The Assessor uses the figure of $128,000 for 1995 and 1996. You use the figures $123,855 and $123,124, respectively. You make several interesting points about how that figure was arrived at and the authority of the State Board of Equalization, but we are not the proper body to address the points.
>
> After the State Board of Equalization's decision declared the value of your property to be $128,000, you had thirty (30) days to appeal that decision to the Wyoming Court System. For whatever reason you chose not to appeal. We will not now take up a de[ ]facto appeal on this issue.
>
> Further, the Board will no longer entertain or respond to issues dependent on a 1995 or 1996 value different than the adjudicated $128,000.
>
> We thank you for your time and effort put forth in your explanation. Enclosed is the check for $94.35.

ond appeal with prejudice.[5] The notice advised the parties that, despite Mr. Bender's description of his appeal issue as "the correct method to calculate the 1995 and 1996 refund," it was in fact a second appeal of the 1995 and 1996 fair market values and was therefore barred by the doctrine of collateral estoppel. The parties were provided fifteen days to file written objections to the dismissal. Mr. Bender filed an objection in which he asserted the new appeal was not an attempt to relitigate the 1995 and 1996 fair market values of his property. He further contended the SBOE Value Decision, which he did not appeal, was erroneous and not supported by the prior CBOE decisions and the Supplemental Findings of Fact. The SBOE dismissed this second appeal with prejudice (SBOE Dismissal). Mr. Bender filed a request for reconsideration which was denied. He appealed to the district court which certified the case to this Court pursuant to W.R.A.P. 12.09(b).

### STANDARD OF REVIEW

■ When a case is certified to this Court pursuant to W.R.A.P. 12.09(b), we examine the decision as if we were the reviewing court of first instance and will affirm the decision on any legal ground appearing in the record. *Van Gundy v. Wyoming Workers' Safety and Compensation Division, Department of Employment, State of Wyoming*, 964 P.2d 1268, 1269 (Wyo.1998); *Sheridan Planning Association v. Board of Sheridan County Commissioners*, 924 P.2d 988, 990 (Wyo.1996).

### DISCUSSION

#### A. Collateral Estoppel

■ The SBOE Value Decision held in pertinent part as follows:

---

**5.** State Board of Equalization Rules, *Rules of Practice and Procedure for Appeals Before the State Board of Equalization from a County Board of Equalization*, ch. 3, § 5(c) states:

(c) Board Action on Own Motion For good cause, the Board may take action on its own motion by providing notice of its intent to take the action and the reasons therefore to all parties. The notice of intent shall advise the parties they may file written objections within fifteen (15) days of service of the notice.

The decisions of the Uinta County Board of Equalization for *both* 1995 *and* 1996 establishing a 3.0 construction classification for the residential property located at ... Evanston, Uinta County, Wyoming and fair market value of $128,000.00, shall be, and the same are hereby **affirmed.**

This holding was consistent with Mr. Bender's argument urging the SBOE to affirm the CBOE's decisions. The SBOE Value Decision also reflected the following notice to the parties:

> Pursuant to *Wyo.Stat. § 16–3–114* and *Rule 12, Wyoming Rules of Appellate Procedure,* any person aggrieved or adversely affected in fact by this decision may seek judicial review in the appropriate district court by filing a petition for review within 30 days of the date of this decision.

Neither the assessor nor Mr. Bender filed an appeal from the SBOE Value Decision. However, Mr. Bender's second appeal to the SBOE, in effect, challenged the original SBOE Value Decision. It is evident from the manner in which Mr. Bender framed this second appeal that he was challenging the validity of the property value established by the SBOE Value Decision and the subsequent application of that value by county officials to determine the 1995 and 1996 tax refunds. For example, Mr. Bender contends the CBOE application of the $128,000 as the fair market value constituted a violation of Wyo.Stat.Ann. § 39–2–102 (Michie 1997).[6] This tax code provision mandates annual valuation of all property at its fair market value pursuant to the rules and regulations as promulgated by the Department of Revenue. Mr. Bender's argument that the $128,000

---

**6.** Section 39–2–102 provided: "All taxable property shall be annually valued at its fair market value. Except as otherwise provided by law for specific property, the department shall prescribe by rule and regulation the appraisal methods and systems for determining fair market value using generally accepted appraisal standards." This section was repealed by 1998 Wyo. Sp. Sess. Laws ch. 5, § 4 and recreated at § 39–13–103(b)(ii) by 1998 Wyo. Sp. Sess. Laws ch. 5, § 1 effective March 6, 1998.

valuation affirmed by the SBOE Value Decision violated § 39-2-102 can have only one possible interpretation: It is a renewed attack on the question of value.

Mr. Bender also argues that the SBOE Value Decision was in error because it incorporated the CBOE's Supplemental Findings of Fact regarding the $128,000 value and the original CBOE decisions of August 5, 1996, were not separately amended or supplemented to include those findings. Therefore, he argues the only CBOE holding the SBOE could affirm was the determination of the 3.0 construction class which did not refer to the $128,000 value. Mr. Bender provides no authority for the proposition that the SBOE cannot base its decision on the CBOE's Supplemental Findings of Fact in addition to the underlying CBOE decisions. Furthermore, this argument again presents what can only be construed as a blatant effort to relitigate the value established by the unchallenged SBOE Value Decision.

We conclude this case is not the proper or timely vehicle for presentation of these arguments.

We have held that the related doctrines of res judicata and collateral estoppel apply to final determinations by administrative agencies. In [*Slavens v. Board of County Commissioners for Uinta County*, 854 P.2d 683 (Wyo.1993) ], we applied collateral estoppel, sometimes described as issue preclusion, in reviewing the final decision of the board of county commissioners because such agencies deal primarily with issues rather than with claims that can be pleaded in an action in court. The doctrine of issue preclusion prevents the relitigation of issues actually and necessarily decided previously in an action between the same parties. Collateral estoppel forecloses relitigation when the issue presented is identical to one determined in a prior proceeding; when the prior proceeding produced a decision on the merits of the issue; when the party against whom issue preclusion is asserted was a party, or in privity with the party, in the prior proceeding; and when the party against whom issue preclusion is asserted had a full and fair opportunity to litigate the issue in the prior proceeding.

*University of Wyoming v. Gressley*, 978 P.2d 1146, 1153 (Wyo.1999) (citations omitted). The SBOE made the following analysis in the SBOE Dismissal:

9. The four part test set out in Gressley is met in this matter. The issue presented in the present appeal, at its heart, is the 1995 and 1996 fair market valuation of Petitioner's property. This is identical to the issue which was presented to the SBOE in consolidated dockets 95-137 and 96-114. The prior proceeding reached a decision on the merits as evidenced by the February 12, 1999 decision.... [Mr. Bender], the party against whom issue preclusion is asserted, was clearly a party in the prior proceedings. Finally, [Mr. Bender] was provided a full and fair opportunity to litigate the issue in the prior proceedings.

We agree with this analysis. "A full and fair opportunity to litigate an issue is all that is required for the collateral estoppel doctrine to apply." *Wilkinson v. State ex rel. Wyoming Workers' Safety and Compensation Division*, 991 P.2d 1228, 1234 (Wyo.1999).

Faced with the SBOE Dismissal based solely on the doctrine of collateral estoppel, Mr. Bender failed to even address this issue in his opening brief before this Court. He eventually addressed the issue in his reply brief, in response to the assessor's argument, and then only in the most deficient and cursory manner. Mr. Bender's failure to provide any degree of cogent argument to refute the application of collateral estoppel is remarkable. He instead spends his efforts, and this Court's time, challenging the $128,000 valuation which he failed to

contest within thirty days of the SBOE Value Decision. Subsequent actions are barred when no appeal was taken from the initial administrative decision. *See Slavens v. Board of County Commissioners for Uinta County,* 854 P.2d 683, 686–87 (Wyo.1993). The SBOE properly applied the doctrine of collateral estoppel to dismiss the appeal with prejudice, and for this reason we will not address Mr. Bender's additional issues.

## B. Sanctions

■ The assessor has asked this Court to sanction Mr. Bender pursuant to W.R.A.P. 10.05 [7] and award it costs and attorneys fees. W.R.A.P. 1.02(a) provides in relevant part:

(a) All appeals, reviews pursuant to Rule 12, certifications under Rules 11 or 12, and petitions for review shall be governed by these rules.

This case was certified to this Court pursuant to the provisions of W.R.A.P. 12.09(b). As provided in W.R.A.P. 1.02(a), W.R.A.P. 12.09(b) certifications are governed by the Wyoming Rules of Appellate Procedure. On this authority, we conclude that the sanctions provided in W.R.A.P. 10.05 govern certifications arising under W.R.A.P. 12.09(b).

As reflected by this Court's docket, during the past two years Mr. Bender has appeared as an appellant in numerous cases of various kinds and character. He seems to personify the term "litigious" to the effect it describes one who is "fond of litigation; prone to engage in suits." [8] We are confronted with a case clearly barred from review by the doctrine of collateral estoppel. Even if review were not barred, his claim of error is unsupported by cogent argument and fails to meaningfully address the primary issue, namely the SBOE application of collateral estoppel. *See Mead v. State,* 2 P.3d 564 (Wyo.2000). In the best light, this case is an intentional rehash of the valuation cases previously litigated.

■ Mr. Bender appears *pro se.* As we noted in *Stone v. Stone,* 7 P.3d 887, 890–91 (Wyo.2000) (citations omitted):

[W]e expect *pro se* litigants to comply with the Wyoming rules of appellate procedure in the same way that trained lawyers are expected to perform. While we may make allowances for *pro se* litigants, they are not excused from the requirement that their brief be supported by cogent argument and citations to pertinent authority.

We conclude there is no reasonable ground for this certification and this is one of those rare circumstances where sanctions pursuant to W.R.A.P. 10.05 are appropriate. *See Small v. Convenience Plus Partners, Ltd.,* 6 P.3d 1254 (Wyo.2000).

The SBOE Dismissal is affirmed. The assessor shall submit a statement of costs and attorney fees associated with the response to this certification to this Court. Upon review, we will award an appropriate amount in the form of sanctions.

---

7. W.R.A.P. 10.05 provides:

If the judgment or appealable order is affirmed in a civil case, appellee shall recover the cost for publication of the brief with the cost to be computed at the rate allowed by law for making the transcript of the evidence. If the court certifies there was no reasonable cause for the appeal, a reasonable amount for attorneys' fees and damages to the appellee shall be fixed by the appellate court and taxed as part of the costs in the case. The amount for attorneys' fees shall not be less than one hundred dollars ($100.00) nor more than five thousand dollars ($5,000.00). The amount for damages to the appellee shall not exceed two thousand dollars ($2,000.00).

8. Black's Law Dictionary 934 (6th ed.1990).