The **BOARD OF COUNTY COMMISSIONERS, ALBANY COUNTY, Wyoming,** Appellant (Defendant),

v.

**FEDERER DEVELOPMENT COMPANY,** Appellee (Plaintiff).

No. 83–233.

Supreme Court of Wyoming.

June 15, 1984.

Karen Maurer, Albany County and Prosecuting Atty., Laramie, signed the brief on behalf of appellant; appellant's case was submitted on the brief.

Carole Shotwell, of Urbigkit, Whitehead, Zunker & Davidson, P.C., Cheyenne, signed the brief and appeared in oral argument on behalf of appellee.

Before ROONEY, C.J., and THOMAS, ROSE, BROWN and CARDINE, JJ.

ROONEY, Chief Justice.

Appellant refused to approve appellee's preliminary plat for a proposed subdivision to be located about fifteen miles east of Laramie for the reason that appellee failed to show two "adequate" legally enforceable ingress-egress roads to the subdivision as required under the Albany County Land Use Management System Regulations. On appeal, the district court ordered appellant to approve the plat, finding that the existence of the two roads had been demonstrated by substantial evidence. Appellant now appeals from the decision of the district court.

We affirm.

There is no contention that the subdivision is other than a "mountain subdivision" and that Section 13 of Chapter VIII of the Albany County Land Use Management System Regulations relative to Mountain Subdivisions is the regulation under which appellant refused approval of appellee's plat. It reads:

"*Access.* All subdivisions shall be platted so as to provide two (2) or more access roads for separate, multiple ingress-egress. Loop drives, with one entrance point, do not satisfy this need."

The single question, then, is whether or not substantial evidence exists in the record to reflect that ingress-egress access to the proposed subdivision will be provided by two separate roads. Stated another way, it is whether or not there is substantial evidence to support appellant's finding that such access was not provided.

" * * * In making the following determinations, the court shall *review the whole record* or those parts of it cited by a party and due account shall be taken of the rule of prejudicial error. The reviewing court shall:

\* \* \* \* \* \*

"(ii) Hold unlawful and set aside agency action, *findings* and conclusions found to be:

\* \* \* \* \* \*

"(E) Unsupported by substantial evidence in a case reviewed on the record of an agency hearing provided by statute." (Emphasis added.) Section 16–3–114(c), W.S.1977 (October 1982 Replacement).

See *Board of Trustees of School District No. 4, Big Horn County v. Colwell,* Wyo., 611 P.2d 427 (1980).

The evidence in this case consisted of testimony from three of appellee's witnesses and several documentary exhibits of appellee. Appellant did not present evidence other than that resulting from cross-examination of appellee's witnesses.

The proposed 680-acre subdivision is generally in the shape of a right triangle, with the hypotenuse being the southwest side and bordering on U.S. Highway Interstate 80. The north and east sides border on Medicine Bow National Forest Service land. As said by Judge Hanscum in his opinion-decision:

" * * * At issue in the present case are basically two roads that have been proposed by the Appellant to provide adequate access to the property; namely, the Blair Separation Interchange (hereinafter referred to as the 'Blair Road') and the Vedauwoo Interchange (hereinafter referred to as the 'Vedauwoo Access'). There is present access to the property by way of Blair Road; however, the Forest Service has indicated they would require an application for a special use permit to be filed with the Forest Service for increased use of the Blair Road in the event the subdivision was approved. Access to the property by way of the Vedauwoo Access would require a minor degree of construction by the developer if the plat was approved by the County Commissioners." (Transcript reference omitted.)

In his well written and well researched opinion-decision, District Judge Hanscum summarized the evidence with reference to the Blair Road as follows:

"The hearing officer found no legally enforceable means of access to the property even by way of Blair Road; however, taking the testimony given at the hearing as a whole, it appears that this is not the case.

"At the hearing John Anderson, a registered professional engineer and a registered land surveyor, testified that when the highway was constructed over the Etchepare (the previous owner before Federer Development Company) lands, the Blair Road relocation was 'constructed by the Highway Department via a permit which I think was granted using a special road in the lands owned by the U.S. Forest Service.' The Blair Road was originally constructed with the intention of providing permanent use of public access. Mr. Etchepare, the previous owner of the land in question, testified that the Blair Road was originally given by him to the United States Forest Service for easement rhough [sic] his land to Forest Service lands. It seems incongruous then at this point for the County Commissioners to rule that there is no legally enforceable means of access to the property when the Blair Road was

originally given by the owners of that same property to the Forest Service to not only gain permanent public access to private lands but to the Forest Service lands as well. Furthermore, Ranger Terry Hoffman testified that there is existing access to the property via Blair Road and that the Forest Service would cooperate on a maintenance agreement for the road should the County Commissioners approve the use of the plat.

"It is further interesting to note that John Anderson, the professional engineer, testified that Blair Road actually provides two means of access to the property since it passes directly through the property and connects to other roads that are designated as all-weather roads within the forest region. The Albany County subdivision regulations do not define what is meant by the term 'access.' Therefore, it might be concluded that the Blair Road actually provides the required two accesses to the subdivision." (Transcript references omitted.)

■ We agree that Blair Road does supply two accesses to the subdivision. As indicated, infra, the two accesses are also legally enforceable. Appellant argues that the subdivision regulation requires two "access *roads*" and not merely two accesses. It contends Blair Road is a single *road* giving access to the subdivision. This argument fails when the meaning of the regulation is determined from the whole regulation and its purpose.

■ The most obvious purpose of the two-access requirement is to provide an alternate means of ingress and egress in the event one means is blocked for whatever reason. The regulation, in effect, says so. After setting forth the requirement for "two (2) or more access roads," it indicates the purpose, i.e., "for separate, multiple ingress-egress." Appellant may have been troubled by the fact that Blair Road runs only along the north leg of the triangle. The eastern acreage can access it only through other subdivision roads. However, such is not unusual in subdivisions, and it meets the regulation requirement.

■ The word "separate" in the regulation has pertinency. We mention it so that our holding here will not be unduly broadened in subsequent cases. If the two accesses were within a few feet of each other, it could be said that they were not "separate." Of course, other distances between the two accesses make the issue one of relativity. With the two accesses on Blair Road being about a mile apart, the conclusion that they are "separate" is obvious without more.

But appellant questions the legal enforceability of such accesses and of the access from the Vedauwoo Access. It argues that the Blair accesses

"[are] limited and increased use by commercial or subdivision activities would require an additional, cooperative maintenance agreement between the Forest Service and subdivider. * * * Appellee has a right of access from its land from the Blair Road, but its application to the Forest Service for a use permit specifically addressing its increased subdivision needs has not been acted upon by the Forest Service. * * * "

Appellant also emphasizes the fact that action by the Forest Service on the special use permit application for the Vedauwoo Access has not yet been taken. Accordingly, it argues that the legally enforceable access has not been "provided" as required by the regulation, and that such must be "provided" before the plat can be approved.

On the other hand, appellee points to the commitments made by the Forest Service and to its policies with reference to such permits as sufficient to satisfy the regulation requirement that the "subdivision *shall be platted* so as to provide two (2) or more access roads * * *." Additionally, appellee contends that the Forest Service must provide access to the subdivision pursuant to law.

Again, we approve and adopt that said by Judge Hanscum in this respect:

"Mr. Anderson * * * testified that when Interstate 80 was built, two facilities

were constructed to provide access to the land north of the road, these being the Blair Road and the Vedauwoo Interchange.

"As for the proposed Vedauwoo Access, there is presently an access trail from the Vedauwoo Road to the property line which is roughly 1,650 feet in length. To make the trail into a permanent access to the property suitable for all types of vehicular travel would require a minor degree of construction. Apparently, the present Vedauwoo Access trails to the property are suitable for vehicular travel as there was testimony to the effect that cars, as well as trucks, may use the present road. Indeed, Mr. Anderson testified that the access trails are being presently used for access to private lands as well as access to Forest Service facilities.

"Furthermore, Ranger Terry Hoffman testified that a special use permit would be granted by the Forest Service once approval was given to the plat by the Board. He also testified that the special use permit would not, and indeed could not, be revoked by the Forest Service without due cause shown, i.e., that the road was not being maintained as per the permit agreement.

"Ranger Hoffman further testified that the chance of revoking a road permit at the end of 25 years is very remote. He went on to testify that he agreed that there was no less likelihood of discontinuing a special use permit for access than discontinuing an easement granted to a public agency. Therefore, it seems reasonable to conclude that the proposed Vedauwood [sic] Access road would be approved by the Forest Service by way of a special use permit once the County Commissioners approved the plat and such permit would have a very remote chance of ever being revoked.

"The issue of access to private lands surrounded by public lands was considered in *Montana Wilderness Association v. U.S. Forest Service*, 655 F.2d 951 (9th Cir.1981). In that case, suit was brought by the Montana Wilderness Association to prevent the Burlington Northern Railroad from constructing a logging road across national forest lands to the railroad's private property." (Record and transcript references omitted.)

After analyzing that decision in detail and noting that it held that the railroad had a right of access across federal lands to its holdings of timberland inasmuch as the Alaska National Interest Lands Conservation Act section providing for access to nonfederally owned lands surrounded by certain kinds of federal lands is not limited in its application to the state of Alaska, but has nationwide application, Judge Hanscum said:

"The Montana case is at present the controlling law in the country regarding access to private lands surrounded by public lands as certiorari was denied by the United States Supreme Court [455 U.S. 989] 102 S.Ct. 1612 [71 L.Ed.2d 848]. Therefore, it seems clear that Federer Development Company has a right of access across United States Forest Service lands on the authority of the Montana Wilderness case to gain access to its private land." (Footnote omitted.)

Appellant questions the applicability of such law to this case. It argues that such law is with reference only to isolated parcels of land not already having access. To sustain this argument, it acknowledges the existence of access by means of Blair Road. It says:

"* * * Wyoming Statutes § 18–5–306 adopt subdivision regulations that do not allow developments on landlocked property—there must be access. Elkhorn Subdivision lands are surrounded by the properties of others, but do not lack access, and are not landlocked." [1]

---

**1.** Section 18–5–306, W.S.1977, provides in pertinent part:

"(a) The board shall require the following information to be submitted with each application for a subdivision permit:

\* \* \* \* \* \*

It then goes on to contend that the Blair Road provides such access.

■ Inasmuch as Blair Road traverses the subdivision, it supplies the required accesses (see supra). Beyond that, Judge Hanscum properly recognized the isolated nature of the subdivision:

> "The hearing officer found that the Elkhorn Subdivision was not an isolated tract although he specifically found in the Findings of Fact and Conclusions of Law that '[t]he proposed Elkhorn Subdivision is bounded on all sides by the Medicine Bow National Forest except where it is bounded by Interstate 80.'
>
> "One authority defines an isolated or landlocked tract of land as follows: 'LANDLOCKED. An expression sometimes applied to a piece of land belonging to one person and surrounded by land belonging to other persons, so that it cannot be approached except over their land.' Black's Law Dictionary, 4th Edition (1968); Words and Phrases, 'Landlocked' (1966).
>
> "From the above definition, it appears that the Elkhorn Subdivision is an isolated or landlocked tract of land by virtue of the fact that it is bounded on all sides by the Medicine Bow National Forest except where it is bounded by Interstate 80, as the hearing officer also found. To obtain access to the property, one must cross land belonging to other persons; namely, the Forest Service or the public highway. Indeed, United States Forest Ranger Terry Hoffman testified at the hearing that the proposed subdivision was originally part of a private section of land which was divided when the highway was constructed, thus making the tract an isolated one. Therefore, it appears from the foregoing that the land in question meets the definition of isolated or landlocked tract and should be dealt with as such." (Record and transcript references omitted.)

In any event, the only evidence is to the effect that the Forest Service will supply any needed permits.

■ Appellant's contention that future assurance of legally enforceable accesses does not amount to "providing" of such accesses as required in the regulation overlooks the wording of the regulation which reflects that the "subdivision *shall be platted* so as to provide * * *." The submitted plats do so.

Again, Judge Hanscum properly adjudged the situation:

> "The evidence submitted at the hearing before the County Commissioners clearly indicted that there is present access to the property via the Blair Road and that further access can be provided by the Vedauwoo Access roads which will be approved by the Forest Service once the County Commissioners have approved the plat. The circumstances of the case are such that there is a catch-22 or circuitry of action situation presented in that the County Commissioners will not approve the plat until proper access has been shown. In the County Commissioners' opinion, proper access cannot be shown until the Forest Service has approved the special use permits for the access roads to the property. The United States Forest Service will not grant the special use permits until the County Commissioners have approved the plat. Therefore, it seems the County Commissioners are relying in part on an arbitrary basis for their decision in denying the subdivision permit in that the Forest Service has given all indication that they will approve the permits for the access roads if the plat is approved by the County Commissioners."

There was substantial evidence that appellee's subdivision plat met the access requirement of Albany County Land Use Management System Regulations, and that appellant's holding to the contrary was not supported by substantial evidence.

The decision of the district court is affirmed, and the case is remanded to the agency for further action in accordance therewith.

---

"(viii) Evidence satisfactory to the board that adequate access has been provided * * *."