TRI–STATE GENERATION AND TRANSMISSION ASSOCIATION, INC., Wyrulec Company and Carbon Power and Light, Inc., Petitioners,

v.

The WYOMING PUBLIC SERVICE COMMISSION; Charles E. Johnson; John R. Smyth; Nels J. Smith; Pacificorp; and Shoshone River Power, Inc., Respondents.

HOT SPRINGS RURAL ELECTRIC ASSOCIATION, INC., and Riverton Valley Electric Association, Inc., Petitioners,

v.

The PUBLIC SERVICE COMMISSION OF WYOMING; Charles E. Johnson; John R. Smyth; Nels J. Smith, in their official capacities as Commissioners of the Public Service Commission of Wyoming; Pacificorp d/b/a Pacific Power & Light Company; and Shoshone River Power, Inc., Respondents.

The WHEATLAND RURAL ELECTRIC ASSOCIATION, INC., Petitioner,

v.

The WYOMING PUBLIC SERVICE COMMISSION; Charles E. Johnson; John R. Smyth; Nels J. Smith; in their official capacities as Commissioners of the Wyoming Public Service Commission, Respondents.

WYOMING RURAL ELECTRIC ASSOCIATION, Petitioner,

v.

The WYOMING PUBLIC SERVICE COMMISSION; Charles E. Johnson; John R. Smyth; Nels J. Smith; in their official capacities as Commissioners of the Wyoming Public Service Commission; Pacificorp d/b/a Pacific Power & Light Company; and Shoshone River Power, Inc., Respondents.

RURAL ELECTRIC COMPANY, Petitioner,

v.

The WYOMING PUBLIC SERVICE COMMISSION; Charles E. Johnson; John R. Smyth; Nels J. Smith; in their official capacities as Commissioners of

the Wyoming Public Service Commission; Pacificorp, d/b/a Pacific Power & Light Company; and Shoshone River Power, Inc., Respondents.

SHERIDAN–JOHNSON RURAL ELECTRIFICATION ASSOCIATION, Petitioner,

v.

The WYOMING PUBLIC SERVICE COMMISSION; Charles E. Johnson; John R. Smyth; Nels J. Smith; in their official capacities as Commissioners of the Wyoming Public Service Commission; Pacificorp, d/b/a Pacific Power & Light Company; and Shoshone River Power, Inc., Respondents.

No. 86–223.

Supreme Court of Wyoming.

April 16, 1987.

Michael A. Williams, Robert E. Youle, Edward A. Gleason (argued), and John C. Smiley of Sherman & Howard, Denver, Colo., Bruce S. Asay of Kline, Buck & Asay, Cheyenne; Thomas M. McCaffrey of Tri-State G & T Assoc., Inc., Denver, Colo., for Tri-State Generation & Transmission Assoc., Inc.

Frederick J. Harrison, Rawlins (argued), for Carbon Power & Light, Inc., Hot Springs Rural Elec. Ass'n, Inc., Riverton Valley Elec. Ass'n, Inc., Wheatland Rural Elec. Ass'n, Inc., Wyoming Rural Elec. Ass'n, Rural Elec. Co., and Wyrulec.

Robert W. Connor, Jr., Sheridan, for Sheridan-Johnson Rural Electrification Ass'n; submitted on brief.

A.G. McClintock, Atty. Gen., Mary B. Guthrie, Sr. Asst. Atty. Gen., and Roger C. Fransen, Asst. Atty. Gen. (argued), for Public Service Com'n.

Stanley K. Hathaway (argued) of Hathaway, Speight and Kunz, Cheyenne, and George M. Galloway of Stoel, Rives, Boley, Fraser & Wyse, Portland, Or., for Pacific Power & Light Co.

Robert D. Olson (argued), and James M. Guill of Goppert & Olson, Cody, for Shoshone River Power, Inc.

Before BROWN, C.J., and THOMAS, CARDINE, URBIGKIT and MACY, JJ.

CARDINE, Justice.

This is an appeal from a Public Service Commission order approving respondent Pacific Power and Light Company's purchase of all of the assets of respondent Shoshone River Power, Inc. Petitioners contend that the Public Service Commission erred in ruling that the proceeding did not constitute a contested case.

We reverse.

Petitioner Tri-State Generation and Transmission Association, Inc. (Tri-State) is a non-profit cooperative association that provides wholesale electric power to its member-owners, who include the petitioners in the present action and respondent Shoshone River Power, Inc. (Shoshone). Shoshone and Tri-State's other members buy electrical power from Tri-State under all-requirements power supply contracts, which provide that the members will buy all of their energy from Tri-State over an extended time period.

The all-requirements contracts serve several purposes. They guarantee that the distribution cooperatives will have a dependable source of power under their management and control and that generation and transmission companies like Tri-State will have a stable customer base. They also serve as security for long-term loans to Tri-State from the Rural Electrification Administration.

On November 18, 1985, Shoshone filed an application with the Public Service Commission (Commission) requesting permission to sell all of its utility facilities to Pacific Power and Light Company (PP & L), an investor-owned utility providing service throughout Wyoming. By a separate application, PP & L requested authority to acquire the assets of Shoshone and begin providing service to Shoshone's customers. On March 18, 1986, the Commission entered an order approving the sale, allowing PP & L to service Shoshone's customers in accordance with PP & L's existing tariffs, and authorizing Shoshone's dissolution.

On March 20, 1986, Tri-State filed a petition to intervene and a petition for rehearing, alleging that the sale of Shoshone would result in a breach of Shoshone's all-requirements contract and jeopardize Tri-State's ability to provide power to its other customers. Tri-State contended that the matter required a contested case hearing. On March 31, petitioner Carbon Power and Light, Inc. filed a petition to intervene and petition for rehearing on the same grounds. The Commission also received informal letter protests from eight other rural electric distribution cooperatives, all urging that the Commission hold a public hearing on the sale.

On April 22, 1986, the Commission heard arguments on the petitions for rehearing. Argument was strictly limited to the legal issue of whether a contested case hearing was required before PP & L could purchase the assets of Shoshone. In an order entered on April 30, 1986, the Commission found that the matter did not require a contested case hearing and reaffirmed its earlier order approving the sale. The Commission noted that Tri-State had filed a breach of contract action against Shoshone in federal district court, and found that "[Tri-State's] rights arising from its relationship with Shoshone are being protected in court as they should be." Petitioners appealed the Commission's order to the district court, and the district court certified the appeal to this court pursuant to Rule 12.09, W.R.A.P.

Although the issues on appeal have been stated in various ways by the parties, the primary and dispositive issue is whether a contested case hearing was required. The Wyoming Administrative Procedure Act defines a contested case as

"a proceeding including but not restricted to ratemaking, price fixing and licensing, in which legal rights, duties or privileges of a party are required by law to be determined by an agency after an opportunity for hearing." Section 16-3-101(b)(ii), W.S.1977.

We have interpreted the term "hearing" as it appears in this section to mean "trial type hearing." *Scarlett v. Town Council, Town of Jackson, Teton County,* Wyo., 463 P.2d 26, 29 (1969). Thus, if a "trial type hearing" is "required by law," the proceeding is a contested case, and the applicable procedures in the Wyoming Administrative Procedure Act must be followed.

Petitioners contend that a trial type hearing is required by § 37–2–120, W.S.1977, which provides in relevant part:

"No order * * * shall be made by the commission which requires the change of any rate or service, facility or service regulation except as otherwise specifically provided, unless or until a public hearing has been held in accordance with the provisions of this act."

The terms "rate" and "service regulation" are defined in § 37–1–102, W.S.1977:

"(a) The term 'rate,' when used in this act, shall mean and include, in the plural number, as well as in the singular, every individual or joint rate, classification, fare, toll, charge or other compensation for service rendered or to be rendered by any public utility, and every rule, regulation, practice, act, requirement or privilege in any way relating to such rate, fare, toll, charge or other compensation, and any schedule or tariff or part of a schedule or tariff thereof.

"(b) The term 'service regulation' shall mean and include every rule, regulation, practice, act or requirement in any way relating to the service or facilities of a public utility."

Petitioners contend that this case involves a rate change and a change in service regulation because the Commission's order authorized PP & L to service Shoshone's customers and charge those customers under PP & L's tariffs. Respondents take the position that the Commission's order effected no change in rates or service regulation because Shoshone's customers will be served under PP & L's existing approved tariffs.

■ Respondent's interpretation of §§ 37–2–120 and 37–1–102, W.S.1977, ignores both the plain language of the statutes and the practical effect of the Commission's order. Section 37–1–102, supra, defines a rate as any "practice, act, requirement or privilege *in any way relating to* such rate, fare, toll, charge or other compensation, and any schedule or tariff or part of a schedule or tariff thereof." This statute goes on to define service regulation as "every rule, regulation, practice, act or requirement *in any way relating to* the service or facilities of a public utility." The Commission's order allows Shoshone to discontinue service to its customers and permits PP & L to serve those customers and charge them different rates than those formerly charged by Shoshone. These acts clearly "relate to" rates, charges, tariffs and the service of a public utility. Even though the Commission found that the quality of service would be improved and the rates would probably decrease, the order nonetheless has the effect of changing service regulation and rates as those terms are defined in § 37–1–102, supra. Consequently, a public hearing is required by § 37–2–120, supra.

■ Because a public hearing held pursuant to § 37–2–120, supra, requires a determination of adjudicative facts, the statute contemplates a trial-type hearing and not a legislative or argumentative-type hearing. See *Scarlett v. Town Council, Town of Jackson, Teton County,* supra, 463 P.2d 26. Therefore, the matter constitutes a contested case, and the Commission erred in ruling to the contrary.[1]

We find the Commission's order was entered without observance of procedure required by law, § 16–3–114(c)(ii)(D), W.S.

---

**1.** The Commission made the ultimate finding that PP & L's purchase of Shoshone was "in the public interest." The balance of the Commission's order, however, demonstrates that the only interests considered were those of PP & L and Shoshone. The Commission steadfastly refused to consider any facts relating to Tri-State's allegations that the sale of Shoshone would jeopardize its ability to provide electric power to its other cooperatives. A contested case proceeding will allow the Commission to fully evaluate these contentions.

1977, and we reverse and remand for proceedings consistent with this opinion.